RECEIVED
IN ALEXANDRIA, LA

AUG 17 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TYRONE WESLEY | DOCKET NO. 10-CV-282; SEC. P |
| VERSUS | JUDGE DRELL |
| DEPUTY BOBBY GLYNN & DEPUTY LEWIS | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Tyrone Wesley, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 17, 2010 and amended complaint on August 6, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at David Wade Correctional Center. However, he seeks damages for pain and suffering as well as emotional injury for an incident that occurred while he was incarcerated at Rapides Parish Detention Center #3. Plaintiff names as defendants Deputy Bobby Glynn and Deputy Lewis.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**Factual Background**

Plaintiff alleges that on October 15, 2008, he was working on a road crew cleaning out trash and old appliances from an illegal dump site. Plaintiff claims that an old washing machine was in the ravine, but it was too heavy to push up the hill. Someone

determined that they could pull the machine out. Plaintiff was instructed by the defendants to tie a rope through the washing machine and to hook the other end of the rope to a trailer, which was attached to the work van. When Deputy Glynn began to accelerate forward, a "three by five" piece of sheet metal tore off of the side of the washer and "shot up the hill like a sling shot" toward the area where Plaintiff was standing. Plaintiff put his arm up to protect his face, and the metal hit him, cutting his arm and cracking his tooth. Plaintiff was transported to the Huey P. Long hospital in Pineville, Louisiana for treatment. He received twelve stitches in his left arm.

## Law and Analysis

I. Prescription

Plaintiff filed an administrative grievance on October 20, 2008, but received no response because he was transferred to David Wade. He did not institute this lawsuit until February 2010. Thus, it appears on its face that the suit is prescribed. A an complaint is frivolous when it is clear from its face that the claim is barred by the applicable statute of limitations. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

In Louisiana, the statute of limitations period for torts is

one year. However, federal law is used to determine when a cause of action accrues. Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof. <u>Vigman v. Community National Bank and Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff's claim accrued on the date of the accident - October 15, 2008. Plaintiff is entitled to equitable tolling for the time spent exhausting administrative remedies. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies). Plaintiff alleges that he filed a grievance, but did not receive a response within the forty days set forth in the Administrative Code. After the forty days expired, Plaintiff did not move on to the second step of the grievance process. Therefore, at the latest, prescription began to run on November 25, 2008; it expired, at the latest, on November 25, 2009. Therefore Plaintiff's suit is frivolous and should be dismissed.

II. Negligence

Even if Plaintiff's complaint was not prescribed, it would still be subject to dismissal. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, to

ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measure to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A violation of this duty occurs when the prison official by act or omission is **deliberately indifferent** to prison conditions which pose a substantial risk of serious harm. Id. at 834.

Deliberate indifference means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they **subjectively intended that harm occur**. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-59 (5th Cir. 2001). "[D]eliberate indifference cannot be inferred merely from **a negligent or even a grossly negligent response** to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (emphasis added). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety." See Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff has failed to allege deliberate indifference, either in the original complaint or the Court-ordered amended complaint.

While Plaintiff may have been able to state a claim for negligence, negligence simply does not support a Section 1983 claim. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); <u>Hare v. City of Corinth</u>, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); <u>Jackson v. Procunier</u>, 789 F.2d 307, 310 (5th Cir. 1986)(citing <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 16th day of August, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE